**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| FUNG WAH BUS TRANSPORTATION, )<br>INC., on behalf of itself and all others )<br>similarly situated, )<br>                    Plaintiff, )<br>                        )<br>vs.                       )<br>                       )<br>RICON CORPORATION, ABC BUS, INC. )<br>and JOHN DOES ## 1-50, )<br>                      )<br>              Defendants. )<br>                     ) | Civ. 08- cv-06481 |

---

## CLASS ACTION COMPLAINT

Plaintiff Fung Wah Bus Transportation, Inc. ("Plaintiff" or "Fung Wah") makes these allegations based on information and belief, except for those allegations that pertain to Plaintiff. Plaintiff's information-and-belief allegations are based upon the investigation of its counsel, which included review of Defendants' public statements about their products and their compliance with the Americans with Disabilities Act (the "ADA"), as well as public documents concerning a Department of Transportation, Federal Transit Administration investigation into Pueblo Transit's compliance with the ADA.

## INTRODUCTION

1.    Plaintiff brings this action against Ricon Corporation ("Ricon"), ABC Bus, Inc. ("ABC"), and John Does ## 1-50 on behalf of itself and all other transportation companies who must comply with the ADA, and who purchased, during the Class Period, (i) any Ricon wheelchair lifts whose platforms lack one and one-half inch side barriers on the portion of the platform that extends beyond the vehicle when the platform is in its raised position (the "Ricon Barrier-Deficient Lifts") or (ii) buses equipped with Ricon Barrier-Deficient Lifts.

2.    Defendant Ricon sold wheelchair lifts, which are designed to lift wheelchairs onto public and private buses. The wheelchair lifts have a platform that lifts a wheelchair and its disabled occupant from the ground to the level of the bus. The platforms on some or all of Ricon's several different types of lifts, however, lack all or some of the special side safety barriers that the ADA mandates. Defendant ABC sold buses to Plaintiff and other Class members equipped with the noncompliant Ricon Barrier-Deficient Lifts despite assurances from ABC and Ricon that the buses and lifts complied with the ADA. Despite receiving notice from Fung Wah, neither Ricon nor ABC has redressed the breach.

3.    Plaintiff seeks a declaratory judgment, an injunction and monetary damages to redress Defendants' wrongful provision of Ricon Barrier-Deficient Lifts and buses equipped with Ricon Barrier-Deficient Lifts, which do not, contrary to their representations, comply with the ADA, including federal regulations promulgated pursuant to the ADA.

## THE PARTIES

4.    Plaintiff is a New York corporation with its principal place of business in New York, New York and the Southern District of New York.

5.    Defendant Ricon is a California corporation with its principal place of business in Panorama City, California. Ricon manufactures transit accessibility devices, such as wheelchair lifts for buses. It distributes its lifts through dealerships throughout the United States, including the State of New York and this District, as well as in several foreign countries. According to its Website, it has had more than $1 billion in revenues during each of the last several years.

6.    Defendant ABC has its principal place of business in Faribault, Minnesota. ABC has sales offices in and is authorized to do business in California, Texas, Florida, and New Jersey. ABC sells and services buses to the transportation industry throughout the country. It

2

sells buses to customers in the State of New York and the Southern District of New York through its New Jersey sales office.

7.    Defendant John Does ## 1-50 are companies whose identities are presently unknown, but who, like ABC, supplied transportation companies who must be ADA compliant with buses equipped with Ricon Barrier-Deficient Lifts.

## CLASS ACTION ALLEGATIONS

8.    Plaintiff brings this action against Defendants on its own behalf and on behalf of all other persons similarly situated pursuant to Federal Rule of Civil Procedure 23.  The Class includes all transportation companies who must comply with the ADA, and who purchased, during the Class Period, (i) any Ricon Barrier-Deficient Lifts or (ii) buses equipped with Ricon Barrier-Deficient Lifts.  Ricon Barrier-Deficient Lifts include, without limitation, the Ricon "Baylift" and the "Mirage".  The Class Period spans the four-year period from July 17, 2004 through and including July 17, 2008.

9.    The Class is so numerous that joinder of all members is impracticable.  According to Ricon's Website, the Baylift "is one of the motor coach industry's favorite wheelchair lifts." In a March 26, 2008 letter to plaintiff's counsel, Ricon said that there are "thousands" of Barrier-Deficient Ricon Lifts operating in the "NY/NJ area" alone.  The numerosity requirement of Federal Rule of Civil Procedure 23(a)(1) is therefore satisfied by the sales of the Baylift in New York and New Jersey alone.

10.    On or about March 11, 2008, Plaintiff's counsel wrote to both Defendants Ricon and ABC to inform them that the Civil Rights Division of the United States Department of Justice ("DOJ") had found Plaintiffs' three buses that are equipped with Ricon Baylifts do not comply with ADA Regulation CFR §38.23(b)(5).  According to the DOJ, this was because the

3

lifts do not have side barriers on the portion of the lift platform extending beyond the bus when the platform is in its raised position so as to prevent the wheels of the wheelchair or mobility aid from rolling off the platform during its operation.

11.     Despite this written notice, both ABC and Ricon have refused to bring the Baylifts into compliance with the ADA or otherwise redress the breach of warranty.

12.     Because Defendants, who oppose Plaintiff and the Class, have acted or refused to act on grounds that apply generally to the Class, final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole, and Rule 23(b)(2) is satisfied.

13.     Rules 23(a)(2) and 23(b)(3) are satisfied because there are questions of law and fact common to the Plaintiff and Class, which predominate over any individual questions affecting only individual members, and because class treatment is a superior method of adjudicating this dispute.  Among the common questions of law and fact are:

a.     Whether the Ricon Barrier-Deficient Lifts comply with the ADA and all applicable ADA regulations.

b.     Whether Defendants represented and warranted that the Ricon Barrier-Deficient Lifts complied with the ADA.

c.     Whether Defendants are UCC "merchants" of the wheelchair lifts.

d.     Whether Defendants had reason to know that Plaintiff and other members of the Class, all of whom must be in compliance with the ADA, purchased Ricon Barrier-Deficient Lifts or buses equipped with them for the particular purpose of bringing their fleets into compliance with the ADA and relied on Defendants' skill and judgment to provide them such ADA-compliant lifts.

4

e.    Whether there is a difference in the value of the Ricon Barrier-Deficient Lifts provided to Plaintiff and Class members and ADA compliant wheelchair lifts, and the measure of that difference or damages.

f.    Whether and what type of declaratory, injunctive, or other equitable relief is warranted.

14.    In satisfaction of Federal Rule of Civil Procedure 23(a)(3), Plaintiff's claims are typical of the Class' claims and do not conflict with the interests of any other members of the Class.  Plaintiff, like other Class members, purchased buses equipped with Ricon Barrier-Deficient Ricon Lifts for the specific purpose of bringing its fleet into compliance with the ADA and received assurances expressly and implicitly that the buses and the Ricon Barrier-Deficient Lifts complied with the ADA.

15.    In satisfaction of Federal Rule of Civil Procedure 23(a)(4), Plaintiff will fairly and adequately represent and protect the interests of other Class members and has no interests antagonistic to or which irrevocably conflict with those of other Class members.  Plaintiff is committed to the vigorous prosecution of this action and has retained counsel experienced in litigation of this nature to represent it and the Class.  Plaintiff anticipates no difficulty in the management of this litigation as a class action.

16.    Notice of pendency of this action can be given either by mail, publication, or over the internet.

## JURISDICTION AND VENUE

17.    This Court has diversity jurisdiction pursuant to 28 U.S.C. §§1332(d)(2) because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs,

and is a class action in which Plaintiff is a citizen of a State different from at least one of the Defendants.

18.    Venue is proper in the Southern District of New York because Defendants reside (that is, are subject to personal jurisdiction) in the District and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred here and the property that is the subject of this action is situated in this District.  Both Defendants are subject to personal jurisdiction in the District because they conduct business in the District.

## SUBSTANTIVE ALLEGATIONS

19.    In 1990, Congress passed the ADA which, among other things, required that private and public transportation companies provide their disabled passengers with wheelchair-accessible buses.  Failure to provide such accessibility subjects the transportation company to civil actions (brought by private individuals or the DOJ) wherein the courts can issue injunctions and award monetary damages, civil penalties, attorneys' fees, and expenses.

20.    Pursuant to the ADA, the DOJ is empowered to promulgate regulations to implement the ADA.

21.    Pursuant to such authority, in 1998 the DOJ promulgated rules specifying the requirements that wheelchair lifts in buses must meet to comply with the ADA.  49 CFR §38.159(b)(5), which applies to "over-the-road" buses, and 49 CFR §38.23(b)(5), which applies to all other buses, both provide in pertinent part:  "*Platform barriers.*  The lift platform shall be equipped with barriers to prevent any of the wheels of a wheelchair or mobility aid from rolling off the platform during its operation.  . . . **Each side of the lift platform which extends beyond the vehicle in its raised position shall have a barrier a minimum 1 1/2 inches (13 mm) high.**" (bold emphasis added).

6

22.    On or about July 8, 2005, January 13, 2007, and January 13, 2007, Plaintiff purchased buses from ABC equipped with the Ricon Baylift.  Plaintiff purchased these buses for the express and particular purpose of bringing its fleet into compliance with the ADA.

23.    Both Ricon and ABC knew that this was the particular purpose for Fung Wah's purchase and warranted, both expressly and impliedly, that the buses and the installed Baylifts complied with the ADA.

24.    Ricon's brochure for the Baylift states that "all Ricon transit . . . designs are tested to meet or exceed all elements of . . . 49 CFR part 38 (ADA)."  Ricon's Website touts "Meet[ing] all ADA requirements," as one of the six "Advantages" of the Baylift.

25.    Ricon represents itself to the world as a leader of the wheelchair-lift manufacturing industry, as well as an expert on the ADA law pertaining to such lifts.  For example, in a June 11, 2007 letter to the Access Board, an independent Federal agency devoted to accessibility for disabled people, Ricon commented publicly on changes the Access Board proposed be made to the ADA regulations concerning wheelchair lifts.  In that letter, Ricon touted its "over 35 years experience in design, manufacture, and installation of wheelchair lifts and ramps in all types of passenger vehicles", and said that it "believe[d] it[self to be] uniquely qualified to comment on the important design issues being proposed" for wheelchair lifts.

26.    ABC's Website boasts of ABC's status as an authorized dealer of Ricon chairlifts and assures customers that "ABC has the retrofit solution to meet ADA compliance for virtually every make and model of motor coach and transit equipment."

27.    Several years ago, the Civil Rights Division of the DOJ commenced an ADA compliance review of Fung Wah pursuant to 42 U.S.C. §12188(b)(1)(A)(I).  In February 2008, after inspecting Fung Wah's buses, DOJ determined that three buses equipped with the Ricon

7

Baylift violated 49 C.F.R. § 38.23(b)(5) because the lifts did not have barriers on each side of the lift platform which extends beyond the vehicle in its raised position. The DOJ told Plaintiff to contact Ricon, the manufacturer of the Baylift, to correct the problem.

28.    On or about March 11, 2008, Plaintiff wrote a letter to both ABC and Ricon, notifying them of the DOJ's determination and asking them to bring the Baylifts into compliance with the ADA. Ricon responded by denying non-compliance and refusing to remedy the breach.

29.    On or about April 3, 2008, Plaintiff sent a follow-up letter to Ricon again asking it to remedy the breach. As of the date of the filing of this action, more than three months later, Ricon has not responded to this April 3 letter.

30.    Nor has ABC offered to bring the buses it sold Plaintiff equipped with the Baylifts into compliance with the ADA or otherwise responded to the March 11, 2008 letter.

31.    Similarly, according to a January 25, 2008 letter from the United States Department of Transportation Federal Transit Administration ("FTA") to Pueblo Transit, a municipal transit authority in Pueblo, Colorado, the FTA has determined that another Ricon lift, the Ricon Mirage, does not comply with the ADA insofar as the Mirage lifts, like the Baylifts, lack side barriers on the portion of the lift platform extending beyond the buses.

32.    As a result of the foregoing, when a disabled person asks Plaintiff and other Class members for a wheelchair accessible bus, Plaintiff and Class members are presented with a Hobson's choice of either (i) denying the disabled passenger access to transportation in violation of the ADA, or (ii) providing them access using a wheelchair lift that DOJ has determined violates ADA regulations. In either event, Plaintiff and the Class members are at risk of having to defend lawsuits and to pay monetary damages, civil penalties, attorneys' fees and expenses for alleged non-compliance with the ADA.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment Against All Defendants)

33.    Plaintiff repeats and realleges all of the paragraphs set forth above, as if fully set forth herein.

34.    Pursuant to 28 U.S.C. § 2201, Plaintiff seeks a declaratory judgment that the Ricon Barrier-Deficient Lifts do not comply with 49 CFR § 38.159(b)(5) when installed in "over-the-road buses," or 49 CFR § 38.23(b)(5) when installed in all other buses.

35.    Defendant ABC sold buses to Plaintiff and other Class members with Ricon Barrier-Deficient Lifts that did not comply with ADA requirements.

36.    Defendant Ricon manufactured and then sold the Ricon Barrier-Deficient Lifts to bus manufacturers and others.

37.    Defendant ABC has refused to take responsibility for the problem and has referred Plaintiff to Ricon.

38.    Defendant Ricon has informed Plaintiff that its Ricon Barrier-Deficient Lifts comply in all respects with ADA requirements.

39.    Plaintiff is in doubt about its rights and seeks a declaration that the Ricon Barrier-Deficient Lifts do not comply with ADA requirements because of the absence of a side wheel barrier on the portion of the lift platform extending beyond the bus, when the platform is in its raised position.

40.    This is a justiciable controversy because there is a bona fide, actual, present controversy between genuine disputants with a stake in the outcome. The Court has subject matter jurisdiction over the dispute. All of the parties who have an actual interest in the subject matter of the relief sought are before the Court.

41.     Accordingly, pursuant to 28 U.S.C. § 2201, Plaintiff seeks a declaratory judgment that the Ricon Barrier-Deficient Lifts do not comply with 49 CFR §38.159(b)(5) when installed in "over-the-road buses", or 49 CFR §38.23(b)(5) when installed in all other buses.

## SECOND CLAIM FOR RELIEF

### (Breach of Implied Warranty of Fitness for a Particular Purpose Against All Defendants)

42.     Plaintiff repeats and realleges paragraphs 1 to 41 set forth above, as if fully set forth herein.

43.     As Ricon and sellers of buses equipped with Ricon Barrier-Deficient Lifts had reason to know, transportation companies purchased buses equipped with wheelchair lifts for the particular purpose of bringing their fleets into compliance with the ADA requirement that they provide disabled passenger with wheelchair access to buses that comply with applicable federal ADA regulations.

44.     Defendants represented themselves as having special skill and judgment about buses, wheelchair lifts and the ADA regulations pertaining to them.

45.     The purchasers of these lifts and buses justifiably relied on the Defendants' purported expertise, skill and judgment to furnish buses and wheelchair lifts compliant with the ADA.

46.     The Ricon Barrier-Deficient Lifts do not comply with all ADA regulations, in particular, either 49 C.F.R. §38.23(b)(5) or 49 CFR §38.159(b)(5).  Consequently, the Ricon Barrier-Deficient Lifts and buses equipped with such lifts were supplied to Plaintiff and other Class Members in breach of the implied warranty of fitness for a particular purpose.

10

47.   As a result of the foregoing, Plaintiff and other Class Members have been and continue to be damaged in an amount at least equal to the difference in value between the value of buses accepted and the value of the buses if equipped with ADA compliant lifts as warranted.

### THIRD CLAIM FOR RELIEF

**(Breach of Express Warranty Against All Defendants)**

48.   Plaintiff repeats and realleges paragraphs 1 to 47 set forth above, as if fully set forth herein.

49.   In their Websites, promotional literature and sales pitches to customers who must be ADA compliant, Defendants represented and warranted that all Ricon Barrier-Deficient Lifts and buses equipped with them meet or exceed all ADA requirements.

50.   The purchasers of these buses and lifts justifiably relied on these express warranties in deciding to purchase the Ricon Barrier-Deficient Lift equipped buses and these warranties formed the basis of the bargain.

51.   The Barrier-Deficient Ricon Lifts do not comply with all ADA regulations, in particular, 49 CFR §38.23 (b)(5) or 49 U.S.C. §38.159(b)(5).  Consequently, in supplying Barrier-Deficient-Ricon-Lift-equipped buses to Plaintiff and Class members, ABC and Ricon breached their express warranty.

52.   As a result of the foregoing, Plaintiff and other Class Members have been damaged in an amount at least equal to the difference in value between the value of lifts or buses accepted and the value of the lifts or buses if ADA compliant as warranted.

11

## FOURTH CLAIM FOR RELIEF

### (Breach of Implied Warranty
### of Merchantability Against All Defendants)

53.     Plaintiff repeats and realleges all of the paragraphs 1 to 52 set forth above, as if fully set forth herein.

54.     Defendants are merchants with respect to wheelchair lifts and buses equipped with wheelchair lifts designed to comply with ADA regulations.

55.     The Ricon Barrier-Deficient Lifts and buses equipped with such lifts are not "merchantable", that is, they are not fit for the ordinary purposes for which such goods are used, because they do not comply with all ADA regulations, in particular, either 49 C.F.R. §38.23(b)(5) or 49 CFR §38.159(b)(5).

56.     As a result of the foregoing, Plaintiff and other Class Members have been and continue to be damaged in an amount at least equal to the difference in value between the value of lifts or buses accepted and the value of the lifts or buses if ADA compliant as warranted.

## FIFTH CLAIM FOR RELIEF

### (Breach of Contract Against ABC and all Sellers)

57.     Plaintiff repeats and realleges all of the paragraphs 1 to 56 set forth above, as if fully set forth herein.

58.     ABC and all other sellers of buses equipped with Ricon Barrier-Deficient Lifts contracted to sell Class members buses that complied with the ADA.

59.     In breach of its contract, the buses ABC sold to Plaintiff and other Class members that were equipped with Ricon Barrier-Deficient Lifts and the Ricon Barrier-Deficient Lifts themselves did not comply with these ADA Regulations.

60.    As a result of the foregoing, Plaintiff and other Class Members have been damaged in an amount at least equal to the difference in value between the value of lifts or buses accepted and the value of the lifts or buses if ADA compliant as warranted.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of itself and all others similarly situated, prays for judgment and relief against Defendants as follows:

A.    Declaring this action to be a proper class action maintainable under Federal Rule of Civil Procedure 23, certifying an appropriate Class and certifying Plaintiff as Class Representative;

B.    Declaring that the Ricon Barrier-Deficient Lifts and buses equipped with the Ricon Barrier-Deficient Lifts are not ADA compliant.

C.    Temporarily, preliminarily or permanently: (1) enjoining Defendants from conducting business through the unlawful acts and practices described in this Complaint; (2) and ordering Defendants to immediately install barriers on the existing Ricon Barrier-Deficient Lifts or replace the Ricon Barrier-Deficient Lifts with barrier equipped wheelchair lifts that comply fully with all ADA regulations;

D.    Awarding Plaintiff and the Class damages, as appropriate;

E.    Awarding pre and post-judgment interest;

F.    Awarding Plaintiff all costs and expenses, including attorneys' fees; and

G.    Granting such other and further relief as this Court may deem necessary, proper and/or appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.


Dated: July 18, 2008

**FREEMAN LEWIS LLP**

By: _Robert Y. Lewis_
Robert Y. Lewis (RL 6931)
Jennifer Freeman (JF 5021)
228 East 45th Street, 17th Floor
New York, New York 10017
Tel: (212) 980-4084
Fax: (212) 980-4055

**VIANALE & VIANALE LLP**

Kenneth J. Vianale (KV 4607)
2499 Glades Road, Suite 112
Boca Raton, FL  33431
Tel:     (561) 392-4750
Fax:     (561) 392-4775

**Attorneys for Plaintiff**