```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/19/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
FUNG WAH BUS TRANSPORTATION, INC.,  :  08 CV 6481 (LAP)
on behalf of itself and others      :
similarly situated,                 :
                                    :
                  Plaintiff,        :
                                    :     ORDER
       v.                           :
                                    :
RICON CORPORATION, ABC BUS, INC,    :
and JOHN DOES #1-50,                :
                                    :
                  Defendants.       :
                                    :
------------------------------------X

LORETTA A. PRESKA, Chief United States District Judge:

On July 21, 2008, Plaintiff filed a purported class action complaint, alleging that it purchased buses from Defendant ABC Bus, Inc. ("ABC"), which were equipped with wheelchair lifts installed by Defendant Ricon Corporation ("Ricon"). Plaintiff contended that the wheelchair lifts were non-compliant with Americans with Disabilities Act regulations and asserted four claims against all Defendants for: (1) declaratory judgment; (2) breach of implied warranty of fitness for a particular purpose; (3) breach of express warranty; (4) breach of implied warranty; and against ABC only, a claim for (5) breach of contract. On September 17, 2008, ABC answered the complaint and filed

cross-claims against Ricon for contribution and indemnification.

On September 22, 2008, Ricon moved to dismiss the complaint, arguing that Plaintiff had not stated any claim for relief because Plaintiff failed to plead an injury-in-fact. On January 23, 2009, this Court granted Ricon's motion, dismissing all claims asserted in this action on the grounds that Plaintiff lacked standing to sue.

Plaintiff now moves, pursuant to Federal Rule Civil Procedure 60, for the Court to reconsider its January 23, 2009 Order, only insofar as the Court dismissed Plaintiff's breach of contract claim asserted against ABC.[1] Plaintiff now contends that the claim should be reinstated because Plaintiff "pleads injury in fact with respect to its breach of contract claim because it alleges that [Plaintiff] suffered injury in an amount at least equal to the difference in value between the value of non-ADA compliant lifts or buses and the value of ADA compliant lifts or buses." (Fung Wah Motion at 3.)

A motion for reconsideration pursuant to Rule 59 and Local Civil Rule 6.3 may be granted, in the court's

---

[1] Presumably, Plaintiff actually intended to file its motion for reconsideration pursuant to Federal Rule Civil Procedure 59 and Local Civil Rule 6.3, and the Court construes the motion as such. The motion was timely filed.

2

discretion, upon a showing of clear error or manifest injustice. See Griffin Industires, Inc. v. Petrojam, Ltd., 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999). Considering that ABC answered the complaint, did not move to dismiss, and--taking the facts as alleged in the complaint as true--had a contractual relationship with Plaintiff, the Court determines that Plaintiff has standing to assert a breach of contract claim against ABC.

Accordingly, Plaintiff's motion for reconsideration [dkt. no. 32] is GRANTED. The Clerk of the Court shall re-open this action. Plaintiff's claim for breach of contract asserted, in its individual capacity, against ABC and ABC's cross-claims asserted against Ricon are reinstated.

The parties shall confer and inform the Court as to how they propose to proceed no later than August 31, 2009.

SO ORDERED:

Dated:   August 18, 2009

_____
LORETTA A. PRESKA, U.S.D.J.